IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

ADVERIO PHARMA GMBH, BAYER AG,    )
and BAYER HEALTHCARE              )
PHARMACEUTICALS INC.,             )
                                 )
            Plaintiffs,           )
                                 )    C.A. No. _____
      v.                          )
                                 )
ZENARA PHARMA PRIVATE LIMITED,    )
                                 )
            Defendant.            )

**COMPLAINT**

Plaintiffs Adverio Pharma GmbH, Bayer AG, and Bayer HealthCare Pharmaceuticals Inc. (collectively, "Bayer" or "Plaintiffs"), by their attorneys, for their Complaint, hereby allege as follows:

**NATURE OF THE ACTION**

1. This is an action for patent infringement under the patent laws of the United States, Title 35, United States Code, that arises out of the submission by Zenara Pharma Private Limited ("Zenara" or "Defendant") of an Abbreviated New Drug Application ("ANDA") to the U.S. Food and Drug Administration ("FDA") seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of Plaintiffs' 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg ADEMPAS® tablet products prior to the expiration of U.S. Patent No. 12,503,469 ("the '469 patent").

## THE PARTIES

### Plaintiffs

2.     Plaintiff Adverio Pharma GmbH ("Adverio") is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, D-51373 Leverkusen, Germany.

3.     Plaintiff Bayer AG is a corporation organized and existing under the laws of the Federal Republic of Germany, with a place of business at Kaiser-Wilhelm-Allee 1, 51368 Leverkusen, Germany.

4.     Plaintiff Bayer HealthCare Pharmaceuticals Inc. ("Bayer HealthCare") is a corporation organized and existing under the laws of the State of Delaware, having a place of business at 100 Bayer Boulevard, Whippany, New Jersey, 07981.

5.     Bayer HealthCare is the holder of New Drug Application No. 204819 for ADEMPAS®, which has been approved by the FDA.

### Zenara

6.     On information and belief, Defendant Zenara is a corporation organized and existing under the laws of India, with a place of business at Plot No. 83/B, 84, 87 to 96, Phase III, IDA Cherlapally, Hyderabad, Telangana, 500051, India.

7.     On information and belief, Zenara is in the business of, among other things, manufacturing, marketing, distributing, offering for sale, and selling generic drug products.  As a part of this business, on information and belief, Zenara files ANDAs with the FDA seeking approval to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic versions of drug products that are covered by United States patents.  On information and belief, as part of these ANDAs, Zenara files certifications of the type described in Section

2

505(j)(2)(A)(vii)(IV) of the Federal Food, Drug, and Cosmetic Act ("Paragraph IV Certifications") to engage in the commercial manufacture, use, offer for sale, sale, and/or importation of generic drug products prior to the expiration of United States patents that cover such products.

8. On information and belief, Zenara submitted ANDA No. 221423 for Zenara's 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg riociguat tablets ("Zenara's ANDA Products").

9. On information and belief, following any FDA approval of ANDA No. 221423, Zenara will market, distribute, offer for sale, and sell Zenara's ANDA Products throughout the United States and within Delaware.

**JURISDICTION**

10. Plaintiffs incorporate each of the preceding paragraphs as if each fully set forth herein.

11. This Court has subject matter jurisdiction pursuant to 28 U.S.C. §§ 1331, 1338(a), 2201, and 2202.

12. This Court has personal jurisdiction over Zenara because, among other things, Zenara has purposefully availed itself of the benefits and protections of Delaware's laws such that it should reasonably anticipate being haled into court here. Upon information and belief, Zenara develops, manufactures, imports, markets, offers to sell, and/or sells generic drugs throughout the United States, including in the State of Delaware, and therefore transacts business within the State of Delaware, and/or has engaged in systematic and continuous business contacts within the State of Delaware.

13. Upon information and belief, if Zenara's ANDA is approved, Zenara will directly or indirectly manufacture, market, sell, and/or distribute Zenara's ANDA Product within

the United States, including in Delaware, consistent with Zenara's practices for the marketing and distribution of other generic pharmaceutical products. Upon information and belief, Zenara regularly does business in Delaware, and its practices with other generic pharmaceutical products have involved placing those products into the stream of commerce for distribution throughout the United States, including in Delaware. Upon information and belief, Zenara's generic pharmaceutical products are used and/or consumed within and throughout the United States, including in Delaware. Upon information and belief, Zenara's ANDA Product will be prescribed by physicians practicing in Delaware, dispensed by pharmacies located within Delaware, and used by patients in Delaware. Each of these activities would have a substantial effect within Delaware and would constitute infringement of the '469 patent in the event that Zenara's ANDA Product is approved before the '469 patent expires.

14.    Upon information and belief, Zenara derives substantial revenue from generic pharmaceutical products that are used and/or consumed within Delaware, and which are manufactured by Zenara and/or for which Zenara is the named applicant on approved ANDAs. Upon information and belief, various products for which Zenara is the named applicant on approved ANDAs are available at retail pharmacies in Delaware.

15.    Alternatively, the Court may exercise personal jurisdiction over Zenara pursuant to Fed. R. Civ. P. 4(k)(2) because: (a) Plaintiffs' claims arise under federal law; (b) Zenara would be a foreign defendant not subject to personal jurisdiction in the courts of any State; and (c) Zenara has sufficient contacts with the United States as a whole, including but not limited to filing an ANDA with the FDA and manufacturing and selling generic pharmaceutical products that are distributed throughout the United States, such that the Court's exercise of jurisdiction over Zenara satisfies due process.

## VENUE

16.     Venue is proper in this district for Zenara pursuant to 28 U.S.C. §§ 1391 and 1400(b) because, inter alia, Zenara is a corporation organized and existing under the laws of India and is subject to personal jurisdiction in this judicial district.

17.     Venue is further proper in this district as to Zenara because Zenara (1) engages in patent litigation concerning Zenara's generic versions of branded pharmaceutical products in this District, and (2) has consented to jurisdiction in Delaware in one or more prior cases arising out of the filing of its ANDAs, including by filing counterclaims in such cases. *See, e.g.*, *Mirum Pharms., Inc. v. Zenara Pharma Pvt. Ltd.*, C.A. No. 25-1537-JLH (D. Del. Mar. 30, 2026), D.I. 17; *Harmony Biosciences, LLC v. AET Pharma US, Inc.*, C.A. No. 23-1340-JLH (D. Del. Feb. 15, 2024), D.I. 33.

## THE '469 PATENT

18.     The '469 patent, entitled "Forms of Methyl {4,6-Diamino-2-[1-(2-Fluorobenzyl)-1H-Pyrazolo[3-4-B]Pyridino-3-yl]Pyrimidino-5-yl} Methyl Carbamate," was duly and legally issued on December 23, 2025.  The '469 patent is attached as Exhibit A.

19.     As set forth in greater detail in the '469 patent, the claims of the '469 patent, incorporated by reference herein, cover, *inter alia*, "[a] method for the treatment of pulmonary hypertension associated with thromboembolism (CTEPH) comprising administering a composition comprising a therapeutically effective amount of a compound of the formula (I)

(I)

and a pharmaceutically acceptable carrier, in which more than 90 percent by weight relative to the total weight of all forms of the compound of formula (I) in the composition is in the crystalline form of Modification I, to a patient in need thereof, wherein the compound of the formula (I) has an X-Ray powder diffractogram comprising peak maxima of the 2 Theta angle of 6.7, 9.1 and 17.8."

20.    Adverio is the assignee of the '469 patent.

21.    Bayer AG is an exclusive licensee under the '469 patent.

22.    Pursuant to 21 U.S.C. § 355, the '469 patent is listed in the *Approved Drug Products with Therapeutic Equivalence Evaluations* ("the Orange Book") in connection with ADEMPAS® in 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg dosage strengths.

**Infringement by Zenara**

23.    By letter dated June 1, 2026, (the "Zenara Notice Letter"), Zenara notified Bayer HealthCare, Bayer AG, and Adverio that Zenara had submitted to the FDA ANDA No. 221423 for Zenara's ANDA Products.  These products are generic versions of ADEMPAS®.

6

24.     In the Zenara Notice Letter, Zenara indicated that, in connection with its ANDA No. 219225, Zenara had filed a Paragraph IV Certification with respect to the '469 patent.

25.     In the Zenara Notice Letter, Zenara also indicated that the FDA had received an ANDA from Zenara seeking approval for generic versions of the 0.5 mg, 1.0 mg, 1.5 mg, 2.0 mg, and 2.5 mg strengths of Plaintiffs' ADEMPAS® products.

26.     In the Zenara Notice Letter, Zenara stated that Zenara's ANDA Products contain riociguat, which is a compound of the following formula:

27.     On information and belief, Zenara's ANDA Products contain riociguat in the form of Modification I, which has an X-Ray powder diffractogram comprising peak maxima of the 2 Theta angle of 6.7, 9.1 and 17.8.  On information and belief, Zenara does not contest that its ANDA Products meets all limitations of at least claim 5 of the '469 patent, including the limitation directed to Modification I, other than the limitation related to the X-ray diffraction peaks.  On information and belief, however, it is Zenara's position that Modification I exhibits the 2 theta angle peaks recited in the '469 patent's claims.

28.     On information and belief, the manufacture, use (including in accordance with and as directed by Zenara's proposed labeling for Zenara's ANDA Products), offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products will infringe at least claim 5 of the '469 patent.

29.     The purpose of ANDA No. 221423 was to obtain approval under the Food Drug and Cosmetic Act to engage in the commercial manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products, including with their proposed labeling, prior to the expiration of the '469 patent.

30.     Zenara intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 221423, *i.e.*, prior to the expiration of the '469 patent.

31.     Zenara has knowledge of the claims of the '469 patent.  Notwithstanding this knowledge, Zenara has continued to assert its intent to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products with their proposed labeling immediately and imminently upon approval of ANDA No. 221423.  On information and belief, by such activities, Zenara specifically intends infringement of the '469 patent.

32.     On information and belief, Zenara plans and intends to, and will, actively induce infringement of the '469 patent when its ANDA is approved, and plans and intends to, and will, do so immediately and imminently upon approval.

33.     On information and belief, Zenara knows that Zenara's ANDA Products are especially made or adapted for use in infringing the '469 patent, and that Zenara's ANDA Products

8

are not suitable for substantial noninfringing use.  Zenara's ANDA Products are a material part of the claimed invention.  On information and belief, Zenara plans and intends to, and will, contribute to infringement of the '469 patent immediately and imminently upon approval of ANDA No. 221423.

34.     On information and belief, the foregoing actions by Zenara constitute and/or will constitute infringement of each of the '469 patent, active inducement of infringement of the '469 patent, and/or contribution to the infringement by others of the '469 patent.

35.     An actual case or controversy exists between Plaintiffs and Zenara with respect to infringement of the '469 patent.

36.     This action is being commenced before the expiration of forty-five days from the date Plaintiffs received the Zenara Notice Letter.

37.     While the Zenara Notice Letter contained an offer of confidential access, that offer contains unreasonable restrictions that, for example and at a minimum, extended to products unrelated to riociguat.

## COUNT I
## (Infringement of the '469 Patent)

38.     Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

39.     Zenara's submission of ANDA No. 221423 for the purpose of obtaining approval to engage in the commercial manufacture, use, offer for sale, and/or sale of Zenara's ANDA Products was an act of infringement of the '469 patent under 35 U.S.C. § 271(e)(2).

40.     On information and belief, Zenara has made, and will continue to make, substantial preparation in the United States to manufacture, use, sell, offer to sell, and/or import

9

Zenara's ANDA Products, including with their proposed labeling, prior to the expiration of the '469 patent.

41.  Zenara intends to engage in the manufacture, use, offer for sale, sale, marketing, distribution, and/or importation of Zenara's ANDA Products, including with their proposed labeling, immediately and imminently upon approval of ANDA No. 221423, *i.e.*, prior to the expiration of the '469 patent.

42.  On information and belief, the foregoing actions by Zenara constitute and/or will constitute infringement of the '469 patent, active inducement of infringement of the '469 patent, and/or contribution to the infringement by others of the '469 patent.

43.  Unless Zenara is enjoined from infringing the '469 patent, actively inducing infringement of the '469 patent, and contributing to the infringement by others of the '469 patent, Plaintiffs will suffer irreparable injury.  Plaintiffs have no adequate remedy at law.

**COUNT II**
**(Declaratory Judgment of Infringement of the '469 Patent)**

44.  Plaintiffs incorporate each of the preceding paragraphs as if fully set forth herein.

45.  The Court may declare the rights and legal relations of the parties pursuant to 28 U.S.C. §§ 2201 and 2202 because there is a case of actual controversy between Plaintiffs on the one hand and Zenara on the other regarding Zenara's liability for infringement, active inducement of, and contribution to infringement of the '469 patent.

46.  An actual case or controversy exists between Plaintiffs and Zenara with respect to Zenara's liability for infringement of the '469 patent.

47.    The Court should declare that the commercial manufacture, use, sale, offer for sale or importation of Zenara's ANDA Products will infringe, induce the infringement of, and contribute to the infringement of the '469 patent.

\*    \*    \*

WHEREFORE, Plaintiffs request the following relief:

(a)    A judgment that Zenara has infringed the '469 patent;

(b)    A judgment ordering that the effective date of any FDA approval for Zenara to make, use, offer for sale, sell, market, distribute, or import Zenara's ANDA Products, or any product or compound the use of which infringes the '469 patent, be no earlier than the expiration date of the '469 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(c)    A preliminary and permanent injunction enjoining Zenara, and all persons acting in concert with Zenara, from making, using, selling, offering for sale, marketing, distributing, or importing Zenara's ANDA Products, or any product or compound the use of which infringes the '469 patent, or the inducement of or the contribution to any of the foregoing, prior to the expiration date of the '469 patent, inclusive of any extension(s) and additional period(s) of exclusivity;

(d)    A judgment declaring that the commercial manufacture, use, sale, offer for sale or importation of Zenara's ANDA Products prior to the expiration of the '469 patent will infringe and induce the infringement of the '469 patent;

(e)    A declaration that this is an exceptional case and an award of attorneys' fees for Plaintiffs pursuant to 35 U.S.C. § 285;

(f)    An award of Plaintiffs' costs and expenses in this action; and

(g)    Such further and other relief as this Court may deem just and proper.

MORRIS, NICHOLS, ARSHT & TUNNELL LLP

*/s/ Derek J. Fahnestock*

_____

Rodger D. Smith II (#3778)
Derek J. Fahnestock (#4705)
1201 North Market Street
P.O. Box 1347
Wilmington, DE 19899
(302) 658-9200
rsmith@morrisnichols.com
dfahnestock@morrisnichols.com

*Attorneys for Plaintiffs*

OF COUNSEL:

Dov P. Grossman
Alexander S. Zolan
Richard Hildreth III
WILLIAMS & CONNOLLY LLP
680 Maine Avenue SW
Washington, DC 20024
(202) 434-5000

July 16, 2026

12